IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MOSSOP<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FIRST STUDENT, INC. and<br>FIRSTGROUP AMERICA, INC.<br><br>　　　　　　Defendants. | Civil Action No. |

**NOTICE OF REMOVAL OF ACTION**

Defendants First Student, Inc. and FirstGroup America, Inc. (collectively "Defendants") by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the above-captioned action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendants aver as follows:

**I.　PROCESS, PLEADINGS, AND ORDERS**

1. Plaintiff Karen Mossop ("Mossop") commenced a civil action by filing a Complaint on or about November 27, 2019, against Defendants in the Court of Common Pleas of Montgomery County, Pennsylvania, styled *Karen Mossop v. First Student, Inc. and FirstGroup America, Inc.*, Civ. A. No. 2021-15609 ("State Court Action"). (A true and correct copy of the Complaint is attached hereto as Exhibit A).

2. The State Court Action purports to state a claim of wrongful termination. (Compl., ¶¶ 10-27).

3. Defendants received the State Court Action by certified mail on July 29, 2021. (A

true and correct copy of the letter enclosing the Complaint is attached hereto as Exhibit B.)

4. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed by Defendants within thirty (30) days after the receipt of notice of the Complaint.

## II. VENUE

5. Because the Court of Common Pleas of Montgomery County, Pennsylvania lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

6. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Diversity of Citizenship Exists

7. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and, thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

8. In her Complaint, Mossop states that she resides in Collegeville, Pennsylvania. It further appears from her Complaint that she intends to continue to make Pennsylvania her primary residence for the indefinite future. (Compl., ¶ 1).

9. At all times during her employment, Mossop resided in Pennsylvania. For example, when First Student, Inc. hired Mossop for the position, her offer letter was sent to her

residence in King of Prussia, PA. (A true and correct copy of Mossop's Offer Letter is attached hereto as Exhibit C).

10. Further, her 2016, 2017 and 2018 W-2 forms list her address as Collegeville, PA.

11. Therefore, Mossop is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332.

12. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

13. Defendants are both incorporated in the State of Delaware, and their principal place of business and headquarters, as well as the chief officers' and President's offices, are located in Cincinnati, Ohio. Accordingly, Defendants are citizens of Delaware and Ohio, not Pennsylvania, for diversity purposes. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

**B.     The Amount in Controversy Exceeds $75,000**

14. Pursuant to 28 U.S.C. § 1446(c), Defendants need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

15. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1446(c)(2)(A).

16. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

17. According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000. *See Angus* v. *Shiley, Inc.,* 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

18. Although Defendants deny the validity and merit of Mossop's claims and allegations, and deny that she is entitled to any relief, her damages claim – lost earnings, wages, benefits, earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation and damage to her reputation – establish an amount in controversy in excess of the jurisdictional minimum of $75,000. (Compl., ¶ 26).

19. Mossop claims her employment was terminated on July 23, 2019. (Compl., ¶ 8). At the time of her termination, Mossop earned $55,132.00 annually. (Exhibit C (Offer Letter)).

20. Assuming Mossop seeks back pay through a trial date that is likely to be set for a date 18 months from the filing of her Complaint (July 22, 2021), a reasonable estimate of Mossop's economic losses (i.e. back pay, front pay, loss of benefits), should she prevail, exceed the sum or value of $75,000.00 *See Angus,* 989 F.2d at 146.

21. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Defendants desire and are entitled to have this case removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

22. This Notice of Removal is timely as it is made within twenty (20) days of service on Defendants, on July 29, 2021.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

23. True and correct copies of this Notice of Removal are being promptly filed with the Court of Common Pleas of Montgomery County, Pennsylvania and served this date upon counsel of record.

24. Defendants reserve the right to submit further evidence supporting this Notice should Mossop move to remand.

WHEREFORE, Defendants request that this case be removed to the United States District Court for the Eastern District of Pennsylvania, that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

*/s/ Tara Param*
Tara Param (PA #323171)
**LITTLER MENDELSON**
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
tparam@littler.com

*Attorney for Defendants First Student, Inc. and First Group America, Inc.*

Dated: August 16, 2021

## CERTIFICATE OF SERVICE

I, Tara Param, hereby certify that I caused to be served the foregoing **Notice of Removal of Action**, via email and first class mail, upon the following:

Marc A. Weinberg, Esq.
Saffren & Weinberg
Suite 22
815 Greenwood Avenue
Jenkintown, PA 19046
mweinberg@saffewein.com

*Attorney for Plaintiff*

In addition, a copy of the foregoing has been filed with the Court and is available for download from the Court's CM/ECF system.

s/ Tara Param
Tara Param

Dated: August 16, 2021